# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 23, 2012

No. 11-50817

Lyle W. Cayce
Clerk

In the matter of: RONALD ORRA STEVES; VIRGINIA MARTINEZ STEVES,

Debtors

-------------------------------

RONALD ORRA STEVES,

Appellant

v.

CARL LABELLA; ALICIA LABELLA,

Appellees

Appeal from the United States District Court
for the Western District of Texas
No. 5:11-CV-280

Before KING, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ronald Steves ("Mr. Steves")[1] appeals the district court's affirmance of the bankruptcy court's order finding that Mr. Steves's debt to Carl and Alicia

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The bankruptcy court ordered that the debt as to Virginia Steves ("Mrs. Steves") was dischargeable; this ruling was not appealed and is not before us.

No. 11-50817

Labella (the "Labellas")[2] was non-dischargeable pursuant to 11 U.S.C. § 523(a)(2). Because further factual findings are necessary to the determination of this appeal, and in light of intervening case law important to the issues before us, we VACATE the district court and bankruptcy court's orders on this matter, without reaching a conclusion as to the ultimate merits of the case, and remand to the district court to remand to the bankruptcy court.

This case involves an agreement between Mr. Steves and the Labellas to construct a $60,000 pool in the Labellas' backyard. Mr. Steves received $54,000 from the Labellas and completed some portion of the pool construction before ceasing such efforts for reasons disputed by the parties, each blaming the other. The Labellas hired someone else to finish the pool and obtained a default judgment against the Steveses. In turn, the Steveses filed for Chapter 7 bankruptcy, and the Labellas sought to declare the debt owed them non-dischargeable under § 523(a)(2). The Labellas contend that Mr. Steves made material misrepresentations to induce them to enter into the pool contract that was not completed. The bankruptcy court agreed. Mr. Steves appealed, and the district court affirmed. Mr. Steves timely appealed to this court.

Bankruptcy courts in Texas are extremely busy, with heavy case loads and limited resources. They do a remarkable job balancing the need for efficiency with the duty to fully and fairly address each case. This case is no exception, and we have no criticism of the bankruptcy court's utilization of oral findings of fact. In most cases, oral findings will serve their purpose of informing the lawyers and litigants of the court's reasoning and ultimate ruling.

Unfortunately, from bankruptcy court to district court to our court, some imperative facts have been lost in translation, leaving a somewhat muddled situation. It is very difficult to discern what representation Mr. Steves made to

---

[2] Carl Labella individually will be referred to as "Dr. Labella."

No. 11-50817

Dr. Labella that was untrue and material, with the intent to deceive, and upon which Dr. Labella relied to his detriment. At varying times, it has been argued that Mr. Steves misrepresented: (1) his "experience"; (2) whether his company was a "family-owned" business; (3) whether he and/or "Koala Pools"[3] had previously constructed 50 pools; (4) whether the pictures on the Koala Pools website were of pools actually constructed by Koala Pools; and (5) whether representations about Koala Pools' "financial condition" had been made. The bankruptcy court stated that "the misrepresentation was as to the financial ability to perform by Mr. Steves on the part of Koala Pools and Spas . . . . It turned out to be false, it was relied upon reasonably by Dr. and Mrs. Labella, and it caused damages to Dr. and Mrs. Labella."

However, no one contends that Mr. Steves made any direct representations about his or Koala Pools' "financial ability to perform." Instead, much of the testimony and argument reflects concern with Mr. Steves's representations about Koala Pools' experience and that it was "more than able to handle the job." In effect, Dr. Labella's counsel indicated at oral argument that Mr. Steves held Koala Pools out as a "going concern."

Against the backdrop of the trial testimony, the bankruptcy court's oral findings, and the district court's opinion, we cannot be sure what Mr. Steves said that misrepresented Koala Pools' financial ability to perform or any other material fact. Without having clarity as to the particular facts underpinning the misrepresentation found by the bankruptcy court, and affirmed by the district court, it is difficult for us to pair the false statement(s) with intent to deceive (as to which the bankruptcy court made no finding at all), reliance, and harm—all necessary elements to except a debt from discharge under § 523(a)(2)(A). *See*

---

[3] "Koala Pools" was a name the Steveses used to do business under the auspices of their prior corporation and which they then used to open a bank account for a sole proprietorship as a "d/b/a" for Mrs. Steves.

No. 11-50817

*Gen. Elec. Capital Corp. v. Acosta* (*In re Acosta*), 406 F.3d 367, 372 (5th Cir. 2005).

In addition to the factual confusion, there is a lack of clarity over which subsection of 523(a)(2) the bankruptcy court intended to apply, making it uniquely difficult for us to review the issues on appeal. Under § 523(a)(2)(A), oral misrepresentations can except a debtor from discharge only if they are not about the "financial condition" of the debtor. "Financial condition" misrepresentations are then made non-dischargeable under 523(a)(2)(B), but only if they are in writing. The bankruptcy court made a finding about Mr. Steves's "financial ability to perform," but said nothing of a "writing." This is peculiar given the foregoing statutory framework; the bankruptcy court either omitted the necessary "writing" discussion, or meant that "financial ability to perform" did not encompass "financial condition," thereby concluding that the debt was nondischargeable under subsection (A).

The district court apparently thought the former, concluding that Koala Pools' website can be construed as the "writing" necessary to except a debt from discharge under subsection (B). This inference is not supported by our precedent, and the Labellas notably abandoned this reasoning at oral argument, conceding that there is no "writing" at issue and that subsection (B) does not apply on these facts.

That still leaves us to consider whether Mr. Steves's alleged misrepresentation respected Koala Pools' "financial condition," thereby excluding Mr. Steves from § 523(a)(2)(A)'s purview. This very question is at the heart of a circuit split among the Courts of Appeals, and we only recently decided the issue in *Bandi v. Becnel* (*In re Bandi*), No. 11-30654, 2012 WL 2106348 (5th Cir. June 12, 2012). There, we concluded that the term "financial condition" must be given a narrow interpretation. The dischargeability of Mr. Steves's debt turns

on whether his alleged misrepresentation respected "financial condition" as defined in *Bandi*.

Unfortunately, neither the bankruptcy court nor the district court had the benefit of *Bandi* when applying § 523(a)(2). As discussed, the record is unclear as to what falsehood Mr. Steves represented that can be tied to an intent to deceive, reliance, and harm. Without clarity on the misrepresentation found by the bankruptcy court, we cannot properly decide whether it is underpinned by "a statement respecting [Koala Pools'] financial condition," a dispositive question.

We conclude that, under these circumstances, we need further explanation of the factual findings from the bankruptcy court in order to undertake proper appellate review. We also conclude that the bankruptcy court and, if further appeals are filed, the district court, should have the benefit of the *Bandi* opinion in assessing the issues raised by counsel. Accordingly, we VACATE the orders below and remand to the district court to remand to the bankruptcy court for findings and a new order. We leave to the bankruptcy court the means for arriving at its new order. We express no opinion on the ultimate resolution of this case. Should the bankruptcy court's new order be appealed to the district court and thereafter to this court, the appeal should be returned to this panel.

VACATED and REMANDED.